FILED
SUPERIOR COURT
OF GUAM

2020 SEP -8 PM 12/15

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **DEPARTMENT OF REVENUE AND TAXATION, GOVERNMENT OF GUAM,** | Civil Case No. CV1121-19 |
| Plaintiff, | |
| v. | |
| TEN (10) BOTTLES OF 2015 CHATEAU STE MICHELLE INDIAN WELLS CABERNET SAUVIGNON COLUMBIA VALLEY, TWO (2) BOTTLES OF PEWSEY VALE EDEN VALLEY DRY RIESLING VINTAGE 2017, ONE (1) BOTTLE OF THOMAS GOSS 2014 MCLAREN VALE CABERNET SAUVIGNON, ONE (1) BOTTLE OF OONAWARRA CABERNET SAUVIGNON PHOENIX PENLEY ESTATE; ONE (1) BOTTLE OF FRANCISCAN ESTATE NAPA VALLEY MAGNIFICATE 2014; ONE (1) BOTTLE OF TYRELL'S WINE HUNTER VALLEY BROKEN BACK SHIRAZ 2009, ONE (1) BOTTLE OF GARZON CABERNET FRANC RESERVE 2015, ONE (1) BOTTLE OF CHATEAU DE CHAMBRUN LALANDE DE POMEROL 2012, ONE (1) BOTTLE OF DUCKHORN VINEYARD NAPA VALLEY CHARDONAY MERLOT, ONE (1) BOTTLE OF DUCKHORN VINEYARDS 2015 STOUT VINEYARD MERLOT, TWO (2) BOTTLES OF SALVESTRIN 2016 RETAGGIO, TWO (2) BOTTLES OF VESSE FELIX MARGARET RIVER CABERNET SAUVIGNON, TWO (2) BOTTLES OF TWO RANGE NAPA VALLEY RED WINE, TWO (2) BOTTLES OF PENFOLDS BIN 28 KALIMA SHIRAZ, and TWO (2) BOTTLES OF SALVESTRIN 2017 SAUVIGNON BLANC, | **DECISION AND ORDER DENYING REAL PARTY IN INTEREST'S MOTION TO DISMISS** |
| Defendants. | |

Decision and Order Denying Real Party in Interest's Motion to Dismiss
CV1121-19, *DRT v. Ten (10) Bottles of 2015 Chateu STE Michelle Indian Wells Cabernet et al.*
Page **1** of **4**

# INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III upon submission of Real Party in Interest Rodney Webb's ("RPI's") Motion to Dismiss ("Motion"). Deputy Attorney General James L. Canto II represents Plaintiff Department of Revenue and Taxation, Government of Guam ("DRT"), and Attorney James M. Maher represents RPI. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** RPI's Motion.

# BACKGROUND

DRT filed a Petition for Forfeiture of Alcoholic Beverages ("Petition") on September 17, 2019, alleging that RPI illegally important Defendants without possession of a wholesaler's license. RPI filed his Answer to Petition for Forfeiture of Alcoholic Beverages ("Answer") on December 11, 2019.

RPI subsequently filed his Motion, arguing the Petition violates the Dormant Commerce Clause of the United States Constitution. Mot. at 2-4 (Feb. 19, 2020). DRT opposed, arguing (1) the Commerce Clause does not apply to Guam, (2) RPI lacks prudential standing to claim a violation of the Dormant Commerce Clause, and (3) the importation law in question does not violate the Dormant Commerce Clause. Opp'n to Mot. ("Opposition") at 2-6 (Mar. 10, 2020). RPI did not file a reply.

The Court held a hearing on June 19, 2020, at which the parties informed the Court that the parties were discussing settlement. The Court subsequently set a hearing for July 27, 2020 to determine the status of said settlement. Prior to the hearing, the parties indicated they wished to submit their arguments on the briefs. The Court then took the matter under advisement.

# DISCUSSION

The Commerce Clause of the U.S. Constitution vests within Congress the power "[t]o regulate Commerce . . . among the several States." U.S. Const. art I, § 8, cl. 3. The negative implications of the Commerce Clause, also referred to as the Dormant Commerce Clause, have been interpreted "as an implicit restraint on state authority." *United Haulers Ass'n, Inc. v. Oneida-Herkimer Solid Waste Mgmt. Auth.*, 550 U.S. 330, 338 (2007). RPI asks the Court to find that 11

Decision and Order Denying Real Party in Interest's Motion to Dismiss
CV1121-19, *DRT v. Ten (10) Bottles of 2015 Chateu STE Michelle Indian Wells Cabernet et al.*
Page **2** of **4**

G.C.A. § 3605, which outlines the requirement that imported alcoholic beverages be consigned to a licensed wholesaler, violates the Dormant Commerce Clause. The Court declines to do so.

The Commerce Clause, and the resulting negative implications, restrains states from regulating interstate commerce. The Ninth Circuit has held that the Commerce Clause does not limit the Government of Guam, given its status as a territory as opposed to a state: ". . . the limitations which the commerce clause places upon the power of state governments to burden commerce do not apply to the Government of Guam because Guam is not a state." *Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1286 (9th Cir. 1985). The Guam Supreme Court has recognized the same:

> It is true that federal power to regulate the territories is not constrained by the usual "interstate" limitations applicable in the several states; this is because "[territories are] wholly a creature of the treaty-making power of the President and the legislative autonomy of Congress under Article IV, unrestrained by the Commerce Clause.

\

*Rong Chang Co., Ltd., Inc. v. M2P, Inc.*, 2012 Guam 1 ¶ 34 (quoting *United States v. Liburd*, 291 F. Supp. 2d 383, 385-86 (D.V.I. 2003) and citing *Sakamoto*, 764 F.2d 1285). The precedent makes clear that Guam is not restrained by the Commerce Clause.

RPI asks the Court reconsider the Ninth Circuit's holding in *Sakamoto*, arguing the Ninth Circuit "failed to consider that Commerce Clause principles were implicit in the Territorial Clause."[1] Mot. at 2. The Court acknowledges that the Third Circuit has held that the Commerce Clause restraints applicable to the states are also applicable to the U.S. Virgin Islands through implication within the Territorial Clause. *See JDS Realty Corp. v. Gov't of Virgin Islands*, 824 F.2d 256 (3d Cir. 1987); *Polychrome Intern. Corp. v. Krigger*, 5 F.3d 1522 (3d Cir. 1993). The Court, however, sees no reason to divert from Ninth Circuit and Guam precedent, especially in light of the fact that the Commerce Clause, nor its negative implications, have not been extended to Guam via the Organic Act under 48 U.S.C. 1421b(u). *See Sakamoto v. Duty Free Shoppers, Ltd.*, 613 F. Supp. 381, 393 n.3 (D. Guam 1983) (listing the provisions and amendments of the U.S. Constitution

---

[1] "The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any Claims of the United States, or of any particular State." U.S. Cont. art. IV, § 3, cl. 4.

Decision and Order Denying Real Party in Interest's Motion to Dismiss
CV1121-19, *DRT v. Ten (10) Bottles of 2015 Chateu STE Michelle Indian Wells Cabernet et al.*
Page 3 of 4

which have been extended to Guam and noting that the Commerce Clause is missing from this extension).

Therefore, the Commerce Clause does not restrain the Government of Guam in regulating commerce. Section 3605 cannot be found to be violative of the Commerce Clause. In light of this, the Court declines to further comment on whether Section 3605 is impermissibly discriminatory or whether RPI lacks prudential standing to claim a violation of the Commerce Clause as such analysis is unnecessary.

**CONCLUSION**

For the reasons stated above, the Court **DENIES** RPI's Motion to Dismiss on the grounds that the Court follows Ninth Circuit and Guam Supreme Court precedent holding that the Commerce Clause does not restrain Guam from regulating commerce. The Court shall hold a pre-trial conference on September 21, 2020 at 9:20am.

**IT IS SO ORDERED** this 8th day of September, 2020.

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Real Party in Interest's Motion to Dismiss
CV1121-19, *DRT v. Ten (10) Bottles of 2015 Chateau STE Michelle Indian Wells Cabernet et al.*
Page 4 of 4